UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VIKTOR ROLF KLEIN,
        Plaintiff,


        v.                                    CIVIL ACTION NO.
                                              09-10412-JLT

BROOKE GIGUERE, SPECTRUM
HEALTH SYSTEMS, INC., MATTHEW
J. RODERIQUES, ROBERT HORTON,
CHRISTOPHER LEBLANC, "UNKNOWN
PRISON SUPERVISORS," JOSEPH E.
VEILLEUX, PATRICK M. MULVEY,
MICHAEL P. REYNOLDS, ROBERT J.
ALMEIDA, PETER ST. AMAND, PHILIP
W. SILVA and HAROLD W. CLARKE,
        Defendants.

**REPORT AND RECOMMENDATION RE:
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE
FOR FAILURE TO PROSECUTE (DOCKET ENTRY # 156);
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(DOCKET ENTRY # 153)**

**March 31, 2011**

**BOWLER, U.S.M.J.**

On January 31, 2011, defendants Matthew J. Roderiques,

Robert Horton, Christopher Leblanc, Joseph E. Veilleux, Patrick

M. Mulvey, Michael P. Reynolds, Robert J. Almeida, Peter St.

Amand, Philip N. Silva and Harold W. Clarke ("the DOC

defendants") filed a motion for summary judgment. (Docket Entry

# 153). On March 4, 2011, the DOC defendants filed a motion to

dismiss this action with prejudice. (Docket Entry # 156). The

DOC defendants seek dismissal under Rule 41(b), Fed. R. Civ. P.

("Rule 41(b)"), due to the failure of plaintiff Viktor Rolf Klein

("plaintiff") to prosecute this action.


## BACKGROUND

Plaintiff, an inmate at the Massachusetts Correctional Center Cedar Junction in Walpole, Massachusetts during the relevant time period, filed this pro se civil rights action in March 2009 under 42 U.S.C. § 1983 alleging violations of his First Amendment rights.  The violations grew out of a January 21, 2009 letter that plaintiff wrote to defendants Spectrum Health Systems, Inc. ("Spectrum") and Brooke Giguere ("Giguere"), an institutional reentry planner and Spectrum employee during the relevant time period.[1]  The grievance depicts an incident that occurred early that morning and led to a disciplinary action in February 2009 with an eventual sanction of a 15 day loss of television privileges.

The discovery process has been hard fought with numerous motions and objections to production.  The DOC defendants as well as Spectrum filed dispositve motions.  In March 2010, this court issued a 51 page opinion addressing the substance of this case under the Rule 12(b)(6), Fed. R. Civ. P., standard.  Plaintiff sought to amend the complaint a number of times.  (Docket Entry

---

[1]  In November 2010, plaintiff, Spectrum and Giguere filed a stipulation agreeing to dismiss plaintiff's claims against Spectrum and Giguere with prejudice.

## 8, 34, 45, 68, 72, 74, 99 & 121).

On July 29, 2010, plaintiff filed a notice of a change of address to the Ocean Spray Sober House on Winthrop Shore Drive in Winthrop, Massachusetts. He also moved to stay the action for 120 days to mitigate alleged difficulties in accessing a law library, getting access to a copier, obtaining sufficient funds and other matters due to his release on parole to the Winthrop facility. This court denied the stay except for extending discovery to December 31, 2010, to accommodate plaintiff's contentions.

On October 29, 2010, this court set a status conference for February 3, 2011. Although plaintiff had notice of the status conference, he failed to appear at the February 3, 2011 status conference and this court continued the matter to March 3, 2011. The clerk mailed plaintiff notice of the March 3, 2011 status conference to plaintiff's address of record. On February 10, 2011, the mail notifying plaintiff of the status conference was returned as undeliverable. On March 3, 2011, plaintiff again failed to appear at the scheduled status conference.

At the March 3, 2011 status conference, the DOC defendants orally moved to dismiss this action for want of prosecution. On March 4, 2011, the DOC defendants filed the pending motion to dismiss for want of prosecution. The DOC defendants sent a copy of the motion to plaintiff's address of record in Winthrop thus

notifying plaintiff of the potential dismissal with prejudice. Plaintiff has not filed an opposition to the motion or to the summary judgment motion.

## DISCUSSION

This court undeniably has the authority to dismiss this action with prejudice. See Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) ("'authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted'"). Disposition on the merits is nevertheless favored. Id. ("[d]isposition on the merits is favored" and "where the case is close, courts should prefer less severe sanctions"). A dismissal with prejudice is therefore warranted only when the "'plaintiff's misconduct is particularly egregious or extreme.'" Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006) (case "should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme'").

Prior to dismissing a case with prejudice, a court should consider "procedural aspects such as notice and an opportunity to be heard." Id. Plaintiff is well schooled in the law. On two occasions he filed notices of his change of address (Docket Entry ## 5 & 132) and appears well aware of the consequences of not keeping himself apprised of the proceedings. The DOC defendants

4

mailed the motion to petitioner's last known address.  Hence,
petitioner may be taken to have knowledge "'of the consequences
of his own conduct.'"  Garcia-Perez v. Hospital Metropolitano,
597 F.3d 6, 9 (1st Cir. 2010) ("'the propriety of dismissal
"turns to a considerable extent" on the knowledge which the
circumstances show such party may be taken to have of the
consequences of his own conduct'").  The twice scheduled status
conferences as well as the service of the DOC defendants' motion
evidence that plaintiff had sufficient notice and opportunity to
be heard on the request to dismiss this action with prejudice.

Additional factors to assess include "'the severity of the
violation, the legitimacy of the party's excuse, repetition of
violations, the deliberateness vel non of the misconduct,
mitigating excuses, prejudice to the other side and to the
operations of the court, and the adequacy of lesser sanctions.'"
Benitez-Garcia v. Gonzalez-Vega, 468 F.3d at 5; see Torres-Alamo
v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (examining
"substantive elements of the sanction, including the severity of
the party's violation, mitigating excuses, and repetition of the
violations, as well as procedural elements, such as notice and
the opportunity to be heard").  Plaintiff's failure to appear on
two occasions and oppose the DOC defendants' two dispositive
motions exhibits a decided disinterest in prosecuting this action
and proceeding to trial.  It is difficult if not impossible to

proceed in this action when plaintiff fails to respond to filings and fails to appear at scheduled and noticed status conferences.

Furthermore, in light of the volume of discovery and dispositive motion practice, the DOC defendants have expended a significant amount of time and money in this action.  Plaintiff's repeated failure to appear also negatively impacts this court's docket and the operations of this court.  A lesser sanction in the form of a dismissal without prejudice would prejudice the DOC defendants who have expended a significant amount of time actively litigating this case.  Exposing the DOC defendants to the possibility of a future suit based on the January 2009 grievance is unfair and prejudicial.  To state the obvious, plaintiff also offers no excuse for his misconduct.  On balance, therefore, and having given serious consideration to the preference of resolving cases on their merits, a dismissal with prejudice is warranted.

Because it is appropriate to dismiss this action with prejudice under Rule 41(b) and allow the DOC's motion to dismiss, is not necessary to address the summary judgment motion (Docket Entry # 153).

CONCLUSION

This court therefore **RECOMMENDS**[2] that the DOC defendants'
motion to dismiss (Docket Entry # 156) be **ALLOWED** and that the
DOC's motion for summary judgment (Docket Entry # 153) be **DENIED**
as moot and that this action be dismissed with prejudice.


　　　　　　　　　　　　　　　  /s/ Marianne B. Bowler
　　　　　　　　　　　　　　　**MARIANNE B. BOWLER**
　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2]  Any objections to this Report and Recommendation must be
filed with the Clerk of Court within 14 days of receipt of the
Report and Recommendation to which objection is made and the
basis for such objection.  Any party may respond to another
party's objections within 14 days after service of the
objections.  Failure to file objections within the specified time
waives the right to appeal the order.